**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARIO RODRIGUEZ VELAZQUEZ,** | : | |
| | : | |
| **Petitioner,** | : | **CIVIL ACTION NO. 3:26-2363** |
| **v.** | : | **(JUDGE MANNION)** |
| **WARDEN, PIKE COUNTY CORRECTIONAL FACILITY,** | : | |
| **Respondent.** | : | |

**MEMORANDUM**

Pending before the Court is Mario Rodriguez Velazquez's ("Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (**Doc. 1**). For the reasons stated herein, the petition will be **DENIED**.

## I. BACKGROUND

Petitioner is a citizen and native of Mexico. (Doc. 8-2 at 4). He entered the United States sometime in 2021 by illegally crossing the southern border of Texas. *Id.* at 6. On June 2, 2026, Philadelphia, Pennsylvania Enforcement and Removal Operations ("ERO") encountered Petitioner after a duty call from the Kensington, Pennsylvania Police Department. *Id.* at 5. Petitioner was the subject of a vehicle stop, and ICE record checks had shown Petitioner to be an illegal alien in the United States without authorization. *Id.*

On June 10, 2026, Pike ERO officers conducted surveillance at Petitioner's house. *Id.* Petitioner was identified as the individual from the June 2, 2026 vehicle stop. *Id.* Petitioner admitted to living in the United States illegally. *Id.* Petitioner was charged as removable pursuant to the Immigration and Nationality Act ("INA") §212(a)(6)(A)(i) and §212(a)(7)(A)(i)(I). *Id.* at 6. He was issued a Notice to Appear ("NTA") before an immigration judge ("IJ") and taken to the Pike County Correctional Facility, where he remains detained. *Id.*; (Doc. 8-3).

On July 20, 2026, IJ Corey Combs ordered Petitioner removed to Mexico. (Doc. 8-4). Petitioner appealed IJ Combs's decision, which remains pending. (Docs. 1-2, 9 at 2). On July 29, 2026, IJ Leila Mullican held a bond hearing, during which Petitioner was denied bond because he failed to establish that he was not a flight risk. (Doc. 1-7 at 1-2).

On August 17, 2026, Petitioner filed the instant petition. (Doc. 1). On September 8, 2026, Respondent submitted a response to the petition. (Doc. 8). On September 10, 2026, Petitioner filed a traverse. (Doc. 9). Accordingly, this matter is ripe for disposition.

## II. DISCUSSION

Petitioner challenges the legality of his ongoing detention. Under 28 U.S.C. §2241, district courts have the authority to grant writs of habeas

corpus where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(1), (3). However, the Court's authority to hear noncitizen habeas petitions under 28 U.S.C. §2241 is limited is some circumstances. *See*, *e.g.,* 8 U.S.C. §1226(e).

Petitioner was detained pursuant to 8 U.S.C. §1226(a). (Doc. 8 at 9) ("Petitioner is being held pursuant to statutory and discretionary authority. Moreover, he is being offered an opportunity to contest his detention through his pending appeal[.]"). §1226(a) allows for the Attorney General to arrest and detain a noncitizen "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. §1226(a). Pending that decision, the Attorney General "(1) may continue to detain the arrested alien; and (2) may release the alien on . . . bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or . . . conditional parole." 8 U.S.C. §1226(a)(1)-(2). When an alien is detained under §1226(a), they are entitled to a bond hearing where they can argue why they should be released from detention pending a final order of removal. *See Johnson v. Guzman-Chavez*, 594 U.S. 527 (2021); *see also Borbot v. Warden Hudson County Correctional Facility*, 906 F.3d 274, 277-80 (3d Cir. 2018) (holding that individuals detained under §1226(a) are entitled to a bond

hearing but not entitled to a second bond hearing after their first has been denied).

Relevant here, "[t]he Attorney General's discretionary judgment regarding the application of [§1226] shall not be subject to review. No court may set aside any action or decision by the Attorney General under [§1226] regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." 8 U.S.C. §1226(e); *see also White v. Lowe*, No. 1:25-CV-2431, 2026 WL 777425 at *3 (Mar. 19, 2026).

Here, Petitioner was given a bond hearing in July of 2026. (Doc. 1-7). Petitioner was denied release after IJ Mullican found that he did "not meet his burden to show he is not a flight risk. [Petitioner] has a removal order and no possible immigration relief. He has no application filed in his bond request. He has no proof of employment or a fixed address and no proof of filed tax returns in the United States." *Id.* at 4. Accordingly, any "relief the [C]ourt could grant would require the [C]ourt to either order an immigration judge to conduct a second bond hearing or conduct a second bond hearing on its own. Such a decision would amount to 'setting aside' the immigration judge's denial of bond, which is clearly barred by [§1226(e)]." *White*, 2026 WL 777425, at *3. Moreover, IJ Mullican's determination is appealable to the Board of Immigration Appeals ("BIA"). 8 C.F.R. §§1003.1(b)(7), 1003.19(f).

Because the petition seeks judicial review of the Attorney General's discretionary application of §1226, this Court is without jurisdiction to evaluate the merits of IJ Mullican's decision. Therefore, the petition must be denied.

### III. CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus under 28 U.S.C. §2241, (**Doc. 1**), will be **DENIED**. An appropriate order shall follow.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: September 29, 2026**
26-2363-01